IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-00058-MSK

JEAN C. ROSENFIELD,

        Plaintiff,

v.

HSBC BANK, USA, and
STEPHANIE Y. O'MALLEY, as Public Trustee for the City and County of Denver,

        Defendants.

_____

**OPINION AND ORDER GRANTING, IN PART,
MOTION FOR TEMPORARY RESTRAINING ORDER**
_____

        **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Temporary Restraining Order **(# 4)**.

        According to the Complaint **(# 1)**, in November 2006, the Plaintiff refinanced a mortgage on her residence through an entity named Ownit Mortgage Solutions, Inc., who later assigned the mortgage to Defendant HSBC Bank USA ("HSBC"). Although the Complaint is unclear as to when, the mortgage apparently fell into default, and HSBC instituted an action in the Colorado District Court for Denver County to authorize a foreclosure sale of the property pursuant to C.R.C.P. 120. On September 9, 2009, the Plaintiff wrote to HSBC, purporting to exercise her right to rescind the loan, citing, among other things, violations of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Homeowners' Equity Protection Act ("HOEPA"), 15 U.S.C. § 639; and others. HSBC did not respond to the Plaintiff's notice of rescission, and on

September 28, 2009, obtained an Order from the Colorado District Court directing the Public Trustee to conduct a foreclosure sale of the property. That sale was initially set for December 31, 2009, and was subsequently postponed to January 14, 2009.

On December 21, 2009, the Plaintiff commenced this action in the Colorado District Court for Denver County, asserting three claims for relief: (i) a request for a declaration that the Plaintiff's notice of rescission was effective under TILA, HOEPA, and various other federal and state laws; (ii) a request for an injunction restraining the Defendants from selling the property and requiring HSBC to void the Plaintiff's deed of trust and to rescind any adverse credit reporting it has made about her, among other things; and (iii) an omnibus claim for statutory "Damages," apparently under HOEPA, TILA, and unspecified "state law." On January 12, 2010, HSBC removed **(# 1)** the action to this Court, citing the existence of federal question jurisdiction under 28 U.S.C. § 1331.

The Plaintiff now moves **(# 4)** for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b). Specifically, according to her proposed order, she requests that the Court restrain both Defendants "from selling or attempting to sell" the Plaintiff's home "until such time as Plaintiff's Motion for Preliminary Injunction can be heard and determined."[1]

Fed. R. Civ. P. 65(b)(1) permits the Court to enter a Temporary Restraining Order on an *ex parte* basis when two criteria are satisfied: (i) the movant must show, by "specific facts in an affidavit or a verified complaint," that "irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (ii) the movant's attorney must

---

[1] At the time this action was removed, the Plaintiff had a Motion for Preliminary Injunction pending before the state court. In the interests of economy, the Court will deem that motion to be reasserted by the Plaintiff before this Court.

"certif[y] in writing any efforts made to give notice [to the opposing party] and the reason why it should not be required." Fed. R. Civ. P. 65(b)(1)(A), (B).

Here, the Court will address these requirements in reverse order. The Court finds that the Plaintiff's counsel has certified in writing the attempts he made to give notice of this motion to the Defendants. The Plaintiff's counsel states in the motion that he called HSBC's counsel at approximately 5:00 p.m. on January 12, 2010, shortly after having been advised of the removal of the action. The Plaintiff's counsel states that he advised HSBC's counsel of the Plaintiff's intention to file this motion, and that HSBC's counsel "stated that she expected that such a motion would be filed." The Plaintiff further notes that HSBC will receive immediate notice of the motion pursuant to this Court's electronic case filing system, and because the foreclosure sale was scheduled to occur approximately 36 hours later, "no further notice should be required." The Court finds that this is sufficient to comply with Fed. R. Civ. P. 65(b)(1)(B).

Thus, the Court turns to the question of whether the Plaintiff has shown, by affidavit or verified complaint, that irreparable injury will befall her before HSBC can be heard in opposition to the instant request. The Plaintiff's Complaint is not verified, but attached to the body of the Plaintiff's motion is a verification under oath by the Plaintiff, which the Court treats as an affidavit attesting to the factual averments contained in the motion. The Court finds that these averments indicate that the foreclosure sale, scheduled for January 14, 2009, will occur before HSBC could be heard in opposition to the instant motion (largely because HSBC waited until the eve of the foreclosure sale to remove this action, rather than allowing the state court to proceed

with its scheduled preliminary injunction hearing). Moreover, the Plaintiff has alleged[2] that the foreclosure sale will result in immediate and irreparable harm to her, insofar as "[the Plaintiff] and her family will lose their home and the unique value they ascribe to it, and their right of rescission will be eviscerated." Although the Court has some doubt that the effect of Colorado foreclosure law compels this conclusion, in the absence of full briefing from both sides, the Court will treat the Plaintiff's assertion as true and finds this to constitute an immediate and irreparable injury.

Accordingly, the Court finds that the requirements of Fed. R. Civ. P. 65(b) are met and the Plaintiff is entitled to a Temporary Restraining Order. However, the scope of that Order is complicated by the unusual posture of this case. Although the Plaintiff has apparently secured personal jurisdiction over HSBC,[3] there is nothing in the record to indicate that the Plaintiff has effected service upon Defendant O'Malley, the Public Trustee. *See Docket* # 1, ¶ 3; *Docket* # 4, at 10 (certificate of service of motion indicating service only upon HSBC's counsel). Thus, the Court lacks jurisdiction to enter a Temporary Restraining Order as against the Public Trustee, and may only direct such order to HSBC. This poses a potential difficulty, as the foreclosure

---

[2]The arguments regarding irreparable harm in the Plaintiff's Motion for Temporary Restraining Order are skeletal, consisting entirely of the conclusory assertion that "the facts set forth in this Verified Motion clearly and unmistakably show that [the Plaintiff] will suffer grievous and irreparable harm if a temporary restraining order is not granted." Nevertheless, because the "immediate and irreparable harm" standard for a Temporary Restraining Order is the same as the "immediate and irreparable harm" standard for a preliminary injunction, the Court deems the Plaintiff's arguments in her preliminary injunction on this point to be incorporated into the instant motion.

[3]There is some indication that service of process on HSBC has not yet been perfected. *See Docket* # 1, ¶ 2. But by filing the Notice of Removal, HSBC can be deemed to have voluntarily consented to personal jurisdiction over it, and to have waived and defect in service of process.

sale is conducted by the Public Trustee, not HSBC.

C.R.S. § 38-38-109(1) contemplates that a debt holder such as HSBC can make a "written request" to the Public Trustee to continue theسال, and thus, the Court will direct HSBC to make such a written request. However, the statute states that the Public Trustee "may continue" the sale upon such request, implying that the Public Trustee has the discretion to ignore such a request and conduct the sale nevertheless. Should the Public Trustee elect to do so, in the absence of personal jurisdiction over the Public Trustee, this Court is powerless to prevent the sale from proceeding.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the Plaintiff's Motion for Temporary Restraining Order **(# 4)**. The Court enters a Temporary Restraining Order against HSBC as follows: pursuant to C.R.S. § 38-38-109(1), HSBC shall immediately supply written notice to the Public Trustee, requesting that the sale scheduled for January 14, 2010 be continued. To the extent the Plaintiff requests any other relief, the Court finds that it lacks the authority to grant it.

The Court will conduct a non-evidentiary hearing on the Plaintiff's Motion for Preliminary Injunction at **4:00 p.m.** on **Friday, January 15, 2010**. Counsel shall be prepared to address whether an evidentiary preliminary injunction hearing is necessary and, if so, to schedule such a hearing. The Plaintiff shall effect service of process of the Summons and Complaint (and

shall also serve a copy of this Order) on the Public Trustee at or before 3:00 p.m. MST on Thursday, January 14, 2010 or otherwise SHOW CAUSE why such service is impossible.

Dated this 13th day of January, 2009 at 6:00 p.m.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge